**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0077, <u>State of New Hampshire v. Mary Ellen Burritt</u>, the court on January 27, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Mary Ellen Burritt, appeals her conviction, following a jury trial in Superior Court (<u>Bornstein</u>, J.), on a charge of reckless conduct, <u>see</u> RSA 631:3 (2016). She contends that the trial court erred by: (1) not dismissing the charging document on the basis that it was insufficiently definite; (2) declining to set aside the verdict due to insufficient evidence; and (3) admitting evidence of the death of a child in her care.

We first address whether the charging document was sufficiently definite. A complaint or indictment is constitutionally sufficient if it informs a defendant of the charge with enough specificity to allow the defendant to prepare for trial and be protected against double jeopardy. <u>State v. Therrien</u>, 129 N.H. 765, 770 (1987). These twin standards are satisfied by a written charge that alleges all the elements of an offense that is identified by pleaded facts. <u>Id</u>. Thus, the requirement to identify a specific offense determines the State's obligation to plead specific acts and facts, and once a specific offense is identified, there is no further and independent requirement to identify all acts by which a defendant may have committed that offense, or to limit proof of guilt to the acts specifically pleaded. <u>Id</u>. The sufficiency of a charge is determined not by inquiring whether the charge could be more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn the accused of the specific charges against him or her. <u>State v. MacElman</u>, 154 N.H. 304, 313 (2006).

In this case, the defendant was charged by an information identifying all the statutory elements of reckless conduct and specifically averring that she allowed "four children under the age of five to be outside, in an unfenced area, with no child care personnel present." The defendant contends that the information did not warn her that she "wasn't present because she wasn't outside" and that she was surprised when the State argued this in its opening. She further argues that the information "failed to inform [her] of the substantial and unjustifiable risks of harm [she] should have been aware of when four children were allowed to go outside in an unfenced area."

However, the basic facts were not in dispute.  The State and the defendant knew that she was inside the house while the children were outside playing in the snow.  No one asserted that the defendant was off-site.  We conclude that the allegation that she was not "present" when the children were outside adequately described the specific offense and that the State was not required to identify additional facts supporting the alleged offense.  See Therrien, 129 N.H. at 770.

The defendant asserts that, in preparing a defense, "she was clearly and properly focused on [the child's] death."  She argues that "[i]f this case was about more than [the child's] death then prior notice should have been given."  However, the defendant also acknowledges that "[s]he was not charged with causing [the child's] death."

To the extent that the defendant argues that the State was "obligated to make [its] theory [of the case] clear to [her]," she does not cite, nor are we aware of, any authority establishing this requirement.  We note that nothing prevented the defendant from seeking a bill of particulars.  We conclude that the trial court did not err in denying the defendant's motion to dismiss on the basis that the information was insufficiently definite.  See id.

We next address whether the evidence was sufficient to support the jury's verdict.  A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo.  State v. Boutin, 168 N.H. 623, 627 (2016).  In reviewing a sufficiency of the evidence claim, we view the evidence presented at trial, and all reasonable inferences drawn therefrom, in the light most favorable to the State and uphold the jury's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt.  Id.

Under RSA 631:3, I, "[a] person is guilty of reckless conduct if he [or she] recklessly engages in conduct which places or may place another in danger of serious bodily injury."  To prove that the defendant acted in a reckless manner, the State had to show that she was aware of, but consciously disregarded, a substantial, unjustifiable risk that serious bodily injury would result from her conduct.  State v. Hull, 149 N.H. 706, 713 (2003); RSA 626:2, II(c) (2016).  In addition, the State had to show that the defendant's disregard for the risk of injury to another was a gross deviation from the regard that would be given by a law-abiding citizen.  Hull, 149 N.H. at 713; RSA 626:2, II(c).  Whether the defendant acted recklessly does not depend upon whether she anticipated the precise risk or injury that resulted.  Hull, 149 N.H. at 713.

In this case, the evidence at trial established that the defendant, an experienced daycare provider, allowed four children, ages two, three, and four, to play outside in three feet of snow and approximately 20 degree temperatures at a distance of 85 to 91 feet from a house in which she was feeding an infant and cooking.  The defendant argues that she was adequately supervising the children from inside the house by watching them through a large open window.  An officer

2

testified, however, that shortly after the child's accident, the defendant stated, "I don't have very good long distance vision.  I had only put my one contact in today."  The officer further testified that the defendant "indicated that she would look out about every two minutes, at the children."

The defendant told the officer that she had directed the children to move to a different part of the yard because "the UPS guy" might not see them.  Upon being asked whether a certain rocky part of the yard was dangerous, the defendant testified that the children were not allowed to play in that area.

The chief of the New Hampshire Department of Health and Human Services (HHS) Child Care Licensing Unit testified that:  (1) all daycare facilities with three or more children are required to be licensed; (2) the defendant's daycare had been licensed, but the defendant had allowed her license to expire; (3) when the defendant's daycare was licensed, she would have received a copy of the department's regulations; and (4) those regulations are available to the public on-line.  She further testified that those regulations require childcare personnel to be outside when children under the age of six are outside.

The defendant argues that she "was unaware of any risks connected with the children playing outside."  She contends that she "had many rules in order to mitigate against perceived risks."  However, a reasonable jury could have found that, as an experienced daycare provider, who had previously been provided with the regulations governing licensed childcare facilities, she was aware of the risks associated with young children playing outside in snow and cold weather without an adult outside with them.  To the extent that the defendant argues that the State was required to provide expert testimony regarding the existence of an unjustifiable risk, she does not identify where she raised this in the trial court, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), and her argument is undeveloped, see State v. Blackmer, 149 N.H. 47, 49 (2003).

The defendant argues that she "was properly supervising the children because she could see and/or hear the children at all times and was able to respond to them immediately if there were any issues that arose from the children being outside" and that she was properly supervising the children, albeit from within the house.  However, a reasonable jury could have found that:  (1) she could not adequately supervise the children from inside the house because she looked out the window only every two minutes and the child was fatally injured after "a matter of minutes," according to the medical examiner; (2) she could not see the children well, given her poor vision and their distance from the house; and (3) she could not respond "immediately" because she had to secure the infant she was feeding, put on her boots and coat, and make her way 85 or more feet from the house to the children.

The defendant argues that her actions met the definition of "supervising" in the HHS regulations and, thus, that she was "present." However, the jury was not compelled to reach this conclusion.

The defendant argues that the child exhibited no signs of distress and, thus, that she was not at fault for failing to notice the child's injury sooner. However, this was not part of the State's burden. See Hull, 149 N.H. at 713. The defendant argues that the risk of the precise injury that the child sustained "was negligible if there was any risk at all." However, whether the defendant acted recklessly does not depend upon whether she anticipated the precise risk or injury that resulted. See id.

The defendant distinguishes her situation from that in State v. Botelho, 165 N.H. 751 (2013), in which the mother did not watch the two young children she left unattended in a bathtub for an extended period of time. See Botelho, 165 N.H. at 758. However, nothing in that case limits the application of RSA 631:3 to the facts of that case. We note that in Botelho, in addition to reckless conduct, the mother was also convicted of manslaughter, see RSA 630:2, I(b) (2016), and negligent homicide, see RSA 630:3, I (2016), see Botelho, 165 N.H. at 752, charges that were not brought against the defendant here.

Accordingly, we conclude that, viewing the facts in the light most favorable to the State, a rational fact-finder could have found the defendant guilty of reckless conduct beyond a reasonable doubt. See Boutin, 168 N.H. at 627.

Finally, we address whether the trial court erred in admitting evidence that the child died and the cause of the child's death. The defendant devotes a single paragraph in her brief to this argument and does not include a single citation to the record or to legal authority. Accordingly, we conclude that this argument is not sufficiently developed. See Blackmer, 149 N.H. at 49.

To the extent that the defendant's brief raises additional arguments, they are either not sufficiently developed, see id., or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4